PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2007 Dodge Caliber struck uneven sections of pavement on State Route 10 in Logan County. State Route 10 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 6:00 p.m. on June 29,2009. State Route 10 is a paved, two-lane road with a yellow center line and white edge lines. The speed limit is fifty-five miles per hour. At the time of the incident, Claimant was traveling north on State Route 10, with Jeremy Frazier as a passenger in the vehicle. Claimant was driving at approximately fifty-five miles per hour at Three Mile Curve when her vehicle struck uneven sections of pavement. Claimant stated that there were portions of the pavement that had been removed from the road, creating a drop of approximately four inches from the surface of the highway. Jeremy Frazier testified that there were three cuts in the roadway that were situated approximately forty to fifty feet apart from each other, and each cut extended from the yellow center line to the white edge line. Mr. Frazier stated that he had seen DOH employees working in this area the week prior to the incident. Claimant traveled on this road approximately one week prior to the incident but did not notice any road work at that time. Both the Claimant and Mr. Frazier stated that there were no warning signs at this location. As a result of this incident, Claimant’s vehicle sustained damage to four tires, rims, struts, and the sway bar in the amount of $1,978.55. Claimant had liability insurance only at the time of the incident.
The position of the Respondent is that it did not have actual or constructive notice of the condition on State Route 10. Ronnie Stollings, Crew Leader for Respondent in Logan County, testified that he is familiar with the area where Claimant’s incident occurred. He stated that Respondent was engaged in milling activities on June 29,2009. He explained that Respondent’s crews were unable to fill the cuts in the road on that day because the asphalt plant was not open. The DOH 12, a record of Respondent’s daily work activity, indicates that there were flaggers at the location of the cuts to warn the traveling public. In addition, Mr. Stollings stated that Respondent had placed “Rough Road” signs at that location. He stated that Respondent’s crews stopped working at 5:30 p.m. that day, and when he left the work area, the signs were in place. He did not notice that one of the signs had been knocked down until the following day.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
*156 In the instant case, the Court is of the opinion that the Claimant was not adequately warned of the uneven sections of pavement on State Route 10. Although Respondent had placed warning signs in this area, the signs were not adequately secured at the time of this incident. Thus, the Court finds Respondent negligent, and Claimant may make a recovery for her loss.
It is the opinion of the Court of Claims that the Claimant should be awarded the sum of $1,978.55.
Award of $1,978.55.